UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

CIVIL ACTION NO. 1:07CV-98-M

TS TRUCKING, INC.                                                           PLAINTIFF

VS.

GENERAL DRIVERS,
WAREHOUSEMEN AND HELPERS,
LOCAL UNION NO. 89, Affiliated with
THE INTERNATIONAL
BROTHERHOOD OF TEAMSTERS,
CHAUFFEURS, WAREHOUSEMEN
AND HELPERS OF AMERICA ("Local
89"), JEFFREY S. COOPER, as
representative of local 89, DONALD A.
RICHARDS and MARTIN D. MILLER                      DEFENDANTS

**OPINION AND ORDER**

This matter is before the Court on Plaintiff TS Trucking's Motion to Remand (DN 8). Fully briefed, this matter is ripe for decision.

TS Trucking (TS) filed suit against the Defendants in Warren Circuit Court, a state court in the Commonwealth of Kentucky. While in state court, a restraining order was issued enjoining the Defendants from picketing "in front of the entrance/exit gates of TS Trucking facilities." The Defendants then removed the case to this Court asserting that the case was a matter of federal question jurisdiction. In response, TS has requested that the matter be remanded to state court, submitting that no federal issue was alleged in the complaint.

Defendants argue that the Plaintiff has alleged claims relating to "secondary

boycotting," and that secondary boycotting is a matter exclusively controlled by Section 303(a) of the Labor Management Relations Act (LMRA). Secondary boycotting is an issue preempted by federal law. See United Mine Workers of America v. Gibbs, 383 U.S. 715, 727 (1966); Price v. United Mine Workers of America, 336 F.2d 771, 776 (6th Cir. 1964). Thus, the issue is whether TS's complaint alleges claims of secondary boycotting.

The Sixth Circuit has explained the cause of action related to secondary boycotting. See F.A. Wilhelm Const. Co., Inc. v. Kentucky State District Council of Carpenters, AFL-CIO, 293 F. 3d 935, 940 (6th Cir. 2002). F.A. Wilhelm Const. provides:

> [W]hen a union has a problem with the 'primary' employer, it must focus its activities on that employer only. It may not exert pressure, whether direct or indirect, on other neutral or unrelated 'secondary' employers. Encouraging employees to engage in a concerted activity against their employer in order to have that employer refuse to deal with the primary employer is illegal . . . . the court must decide if the union's actions were directed at the secondary employer or merely had ancillary consequences for that employer.

Id. Thus, if the Defendants were directing pressure toward TS's clients, customers, or suppliers in hopes that those businesses would cease doing business with TS, there would be secondary boycotting. But when the impact on a business associate of TS Trucking is incidental or ancillary to the primary strike against TS, then secondary boycotting is not present.

TS claims that it has not come "close to alleging a secondary boycott cause of action for damages under Section 303(a)." In its complaint, TS alleges that the Defendants were picketing the gateways and entrances of TS while "subcontractors, suppliers and customers are entering and leaving." The complaint further requests that the Defendants be prevented from interfering at any site "where TS Trucking is servicing a customer or supplier of TS Trucking." TS has not alleged that the Defendants have specifically interfered with the business of the subcontractors, suppliers, and customers. Any interference is merely incidental to the Defendants primary striking activity. Even though the complaint seeks to restrain picketing at other locations, it only seeks to restrain the picketing which impedes ingress and egress of TS trucks. There are no allegations nor is there any evidence to suggest that picketing at other locations is designed as a secondary boycott. A complete reading of the complaint does not ascribe any secondary motive on the part of the Defendants. The complaint has not alleged that secondary boycotting has occurred. See F.A. Wilhelm Const., 293 F. 3d at 940.

The complaint does not plead issues of federal law. For the foregoing reasons, it is hereby ordered that TS's Motion to Remand is GRANTED (DN 8).

THIS the 19th day of June, 2007.

*Joseph H. McKinley*

cc: counsel of record
Warren Circuit Court

3